UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Kimberly Morrissey,<br><br>                    Plaintiff,<br>v.<br><br>National Recovery Agency, Inc.; and DOES 1-10, inclusive,<br><br>                    Defendants. | Civil Action No.: 1:14-cv-07180-RMB-KMW |

## FIRST AMENDED COMPLAINT

Plaintiff, Kimberly Morrissey, says by way of First Amended Complaint against Defendant, National Recovery Agency, Inc., as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

2. This Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy as Defendant's violations of the FDCPA pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

4. The Plaintiff, Kimberly Morrissey ("Plaintiff"), is an adult individual residing in Stratford, New Jersey, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant National Recovery Agency, Inc. ("National"), is a business entity with an address of 2491 Paxton Street, Harrisburg, Pennsylvania 17111, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by National and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. National at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to National for collection, or National was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. National Engages in Harassment and Abusive Tactics

12. In or around November 2014, National began contacting Plaintiff in an attempt to collect the Debt.

13. Plaintiff disputes the validity of the Debt. The Debt was paid by Plaintiff's health insurance.

14. On or around February 8, 2015, Plaintiff informed National that she had never received a collection letter and requested one sent to her via U.S. mail. National responded that it already mailed a letter out and it would not send another one. National then stated: "have a nice day" and terminated the call.

15. On April 16, 2015, Plaintiff again advised National that she would not discuss the Debt until National provided her with a written collection notice. Plaintiff further directed National to cease all calls to her.

16. National interrupted Plaintiff saying "have a nice day" and hung up.

17. On April 17, 2015, Plaintiff called National with a health insurance representative on the line and determined that Plaintiff did not owe the Debt.

C. **Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

24. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
3. Liquidated damages;
4. Punitive damages; and
5. Such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 9, 2015

Respectfully submitted,

By: /s/ Sofia Balile

Sofia Balile, Esq.
Lemberg Law, LLC
1100 Summer Street
Stamford, CT 06905
Phone: (917) 981-0849
Fax:    (888) 953-6237

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on April 9, 2015, a true and correct copy of the foregoing First Amended Complaint was served electronically by the U.S. District Court District of New Jersey Electronic Document Filing System (ECF), which sent notice of such filing to the following:

Richard J. Perr, Esq.
Fineman, Krekstein & Harris, P.C.
BNY Mellon Center
1735 Market Street, Suite 600
Philadelphia, PA 19103-7513
*Attorney for Defendant*

                                            By */s/ Sofia Balile*
                                            Sofia Balile, Esq.